{¶ 47} I concur with the majority's resolution of appellant's first and third assignments of error as they relate to the validity of the waiver Eric signed and its release of appellees from claims sounding in negligence. I dissent with respect to the resolution of appellant's second assignment of error.
 {¶ 48} As Judge Ford correctly notes in his concurring opinion, "when there is no timely objection to submissions that might otherwise be excluded, the trial court might include such material in its analysis regarding a decision on a motion for summary judgment."
 {¶ 49} Here, appellees failed to raise any objection to Griffith's reference to recommendations made by the Portage County Health Department and the trial court could include such material in its analysis.
 {¶ 50} Further, the majority concedes appellees were in violation of Resolution 95-01 at the time Eric drowned, yet summarily conclude that this evidence, "while likely sufficient to support a finding of negligence per se * * * [is] insufficient as a matter of law, to find Kelly's conduct rose to the level of willful and wanton misconduct."
 {¶ 51} The majority defines willful and wanton conduct as equivalent to reckless conduct and then states:
 {¶ 52} "An actor's conduct is reckless when `he does an act or intentionally fails to do an act which it is his duty * * * to do knowing or having reason to know of facts which could lead a reasonable man to realize not only that his conduct creates an unreasonable risk of harm to another, but also that such risk is substantially greater than that whichis necessary to make his conduct negligent.' * * * An act is negligent if it `falls below a standard established by law for the protection of others against unreasonable risk of harm.' * * * While the act must be intended by the actor to be reckless, `the actor must not intend to cause the harm which results from it.' * * * Moreover, the risk itself must be`an unreasonable one under the circumstances.'" (Emphasis sic.) Supra, at 10.
 {¶ 53} Here, Resolution 95-01 required a manned rescue boat to be on duty. Appellees concede no manned rescue boat was on duty and this decision was an intentional one. Thus, appellees concede they intentionally failed to do an act they were required by law to do. Appellant's expert opined that appellees' failure "to comply with even the most basic water safety requirements * * * created a risk that was substantially greater than that which is necessary to make their conduct simple negligence."
 {¶ 54} Appellant's expert's opinion establishes a genuine issue of material fact exists as to whether appellees' conduct was willful or wanton. For these reasons, I find appellant's second assignment of error has merit.